**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **DEANNA DWYER, INDIVIDUALLY AND AS NEXT FRIEND FOR BLAKE DWYER, A MINOR** | § | |
| **Plaintiffs,** | § | |
| **VS.** | § | |
| **CITY OF CORINTH, TEXAS, A TEXAS HOME RULE CITY, DEBRA BRADLEY, CHIEF OF POLICE OF THE CITY OF CORINTH, KEVIN TYSON, A POLICE OFFICER FOR THE CITY OF CORINTH, CRAIG HUBBARD, A POLICE OFFICER FOR THE CITY OF CORINTH, CARSON CROWE, A POLICE OFFICER FOR THE CITY OF CORINTH,** | § | **Case No. __________________** |
| **Defendants.** | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT—VIOLATION OF CIVIL RIGHTS**

DEANNA DWYER, INDIVIDUALLY, AND AS NEXT FRIEND FOR BLAKE DWYER, A MINOR, complains of THE CITY OF CORINTH, TEXAS, a Texas Home Rule Municipality ("CORINTH"), DEBRA BRADLEY, Chief of Police of THE CITY OF CORINTH, TEXAS, and KEVIN TYSON, CRAIG HUBBARD and CARSON CROWE Police Officers for THE CITY OF CORINTH, TEXAS, for causes of action showing:

**I.**

**NATURE OF THE ACTION**

1.01. This is an action brought by DEANNA DWYER, INDIVIDUALLY, AND AS NEXT FRIEND FOR BLAKE DWYER, A MINOR, Plaintiffs, against THE CITY OF CORINTH, TEXAS, a Texas Home Rule Municipality ("CORINTH"), DEBRA BRADLEY, Chief of Police of THE CITY OF CORINTH, TEXAS, and KEVIN TYSON, CRAIG HUBBARD and CARSON CROWE Police Officers for

THE CITY OF CORINTH, TEXAS, for their unlawful seizure, use of excessive force, assault, unlawful arrest and detention of the Minor Plaintiff, BLAKE DWYER ("BLAKE"), and malicious prosecution in violation of his Fourth (4th), Fifth (5th), Eighth (8th) and Fourteenth (14th) Amendments of the United States Constitution and actions under the color of law in violation of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiffs also bring supplemental claims under the Texas Tort Claims Act. Plaintiffs also bring alternative claims against KEVIN TYSON, CRAIG HUBBARD and CARSON CROWE in the event that they were acting in their individual capacity for assault, battery, false imprisonment and malicious prosecution as allowed by Texas law.

## II.

## PARTIES

2.01. DEANNA DWYER and her minor son BLAKE DWYER, hereafter called Plaintiffs, are citizens of the United States of America and residents of Denton County, Texas. At the time and on the occasion of the incidents leading to this lawsuit BLAKE DWYER was sixteen (16) years old, and a student at LAKE DALLAS HIGH SCHOOL.

2.02. Defendant, THE CITY OF CORINTH, TEXAS ("THE CITY OF CORINTH" or "CORINTH"), is a municipality located in Denton County, Texas which is organized and acts pursuant to the Home Rule Amendment to the Texas Constitution. THE CITY OF CORINTH operates the CORINTH POLICE DEPARTMENT ("CPD"). THE CITY OF CORINTH may be served with citation herein by and through its Acting City Manager DON LOCKE or its City Secretary KIM PENCE at its City Hall located at 3300 Corinth Parkway, Corinth, Texas 76208.

2.03. Defendant DEBRA BRADLEY is the Police Chief of THE CITY OF CORINTH, TEXAS and has and maintains supervisory control over all policies and procedures of CPD including but not limited to drafting and enforcing policies and procedures related to the use of weapons both lethal and non-lethal. It is believed that CHIEF BRADLEY was employed elsewhere at the time of

the incident in question and that her predecessor in office is no longer employed by CORINTH. She is sued as successor in interest to the office of Chief of Police and her responsibility is derivative of that position. Said Defendant may be served with process at THE CITY OF CORINTH POLICE DEPARTMENT at 2003 South Corinth Street, Corinth, Texas 76210. Chief Bradley is sued in her official capacity only.

2.04. Defendant KEVIN TYSON is a Police Officer with THE CITY OF CORINTH and his identification number is 164. Said Defendant may be served with process at the CPD. Said defendant is sued in his official and individual capacities.

2.05. Defendant CRAIG HUBBARD is a Police Officer for THE CITY OF CORINTH. His identification number is 374 and he may be served with process at the CPD. Said defendant is sued in his official and individual capacities.

2.06. Defendant CARSON CROWE is a Police Officer for THE CITY OF CORINTH. His identification number is 379. Said Defendant may be served with process at the CPD. Said defendant is sued in his official and individual capacities.

**III.**

**JURISDICTION AND VENUE**

3.01. This is a civil rights action brought under, inter alia, the Fourth (4th) Fifth (5th) Eighth (8th) and Fourteenth (14th) Amendments of the United States Constitution, Article I, Sec 9 of the Texas Constitution, and 42 U.S.C. § 1983, to redress the deprivation of rights, privileges and immunities guaranteed to Plaintiff by constitutional and statutory provisions.

3.02. The Court's supplemental jurisdiction is invoked under 28 USC §1367.

3.03. THE CITY OF CORINTH is located in Denton County, Texas, within the Eastern District of Texas. The incidents made the basis of this lawsuit all occurred in Denton County,

Texas. Venue is therefore proper in the United States District Court for the Eastern District of Texas Marshall Division. 28 USC §1391(a) (b) (c).

## IV.
## FACTS

4.01. On July 17, 2007 BLAKE DWYER ("BLAKE"), who was sixteen (16) years of age, and his brother TRAVIS BAKER ("TRAVIS") spent the night at friends in THE CITY OF CORINTH, TEXAS. The next day BLAKE was dressing and preparing to go to football practice when he suffered a *gran mal* seizure. BLAKE had been diagnosed with epilepsy previously, and had previously suffered epileptic seizures. TRAVIS had been trained for such circumstances to simply leave BLAKE alone and call 911. On July 17, 2007 TRAVIS, or someone at his request, called 911 and requested that paramedics be dispatched to minister to BLAKE.

4.02. BLAKE, like many others who suffer *gran mal* seizures, generally has no clear recollection of the incident. During the epileptic seizure BLAKE lost control of his motor functions. During these seizures, and during the phase where the seizure abates, BLAKE sometimes flails wildly, and he did so on July 17.

4.03. On the occasion in question, paramedics from the LAKE CITIES FIRE DEPARTMENT were dispatched to the scene. They strapped BLAKE to a gurney and were attempting to take him to the ambulance. Before they were able to get BLAKE out of the house, he managed to free one of his arms from the straps on the gurney and unintentionally hit one of the paramedics. The paramedics left him strapped to the gurney and called the CORINTH POLICE for assistance.

4.04. The three (3) Officers named in this *Complaint* arrived on the scene. By this time, TRAVIS had been able to calm BLAKE somewhat although BLAKE was still not cognizant of his surroundings and had not recovered from the seizure.

4.05. TRAVIS tried to make clear to the Officers that BLAKE was not dangerous and that they should just leave him alone, the seizure would pass, and he could then be transported to the

hospital for observation. The Officers ignored TRAVIS' pleas and forced TRAVIS to leave the room. The Officers then attempted by force to strap BLAKE'S free arm to the gurney. Because he was unaware of what was happening during the epileptic seizure BLAKE reacted to the Officers' attempts to strap him to the gurney by flailing with his free arm. At this point the Officers produced their Taser and went to work.

4.06. Although the Taser is supposed to be a non-lethal weapon, it has been reported that more than two hundred seventy five (275) people have died in the United States of America alone after being "Tased". The Taser imparts an electrical shock of fifty thousand volts (50,000 V). This electrical shock causes the victim to lose all control of his body and supposedly permits police to then use handcuffs or other restraining devices on a person who is resisting arrest or otherwise posing a danger to the officer.

4.07. BLAKE was not resisting arrest. The Officers were called to assist in a medical emergency, not to the scene of a crime. The Officers were only called to the scene to assist the FIRE DEPARTMENT personnel in humanely transporting BLAKE to the hospital.

4.08. TRAVIS tried repeatedly to get the Officers to stop using the electroshock device on his brother. Nevertheless the Officers administered fifteen (15) separate fifty thousand volts (50,000 V) shocks in a period of four to five (4-5") minutes.

4.09. In his addled state BLAKE believed that he was being attacked by a swarm of bees or wasps. During the incident TRAVIS called Deanna Dwyer crying and stating that the Police were hurting BLAKE. DEANNA DWYER could hear the zap of the Taser gun and Blake's screams of pain through the phone.

4.10. At the time and on the occasion in question the Police had no legal basis to arrest BLAKE DWYER. Later, in order to cover up their misdeeds the Officers filed a false charge against BLAKE. That charge was dropped because it had absolutely no merit.

4.11. Plaintiffs believe and intend to prove that THE CITY OF CORINTH had let its Officers run amok with the use of the Taser weapon. CORINTH Officers have repeatedly used the Taser against unarmed civilians without justification or cause, and did so on the occasion in question.

4.12. At the time the Officers arrived on the scene BLAKE was totally unaware of what was happening, and was unable to respond to instructions, orders or suggestions. He committed no crime in the presence of the officers and they had no reasonable basis to fear for their safety. He committed no crime before they arrived. He was not in a position to commit any crime as three (3) of his limbs were strapped to a gurney. Nevertheless, the Officers proceeded to assault BLAKE DWYER not once, not twice, but fifteen (15) times in an approximate five minute (5") period. The Officers ignored the pleas of TRAVIS TO leave his brother alone. They ignored Travis' repeated statements that when BLAKE had a seizure he was claustrophobic and would instinctively resist being restrained.

4.13. When TRAVIS actually had BLAKE in a relatively calm state the Officers nevertheless ejected TRAVIS from the room and proceeded to commit serial assaults on a sixteen (16) year old boy strapped to a gurney.

## V.

## CIVIL RIGHTS ACTIONS

5.01. The allegations made in the preceding paragraphs are incorporated by reference, as necessary.

5.02. Plaintiff would show that Defendants deprived BLAKE of his rights under 42 U.S.C. Section 1983 as hereafter set forth.

5.03. The conduct of the three (3) Officers, individually and collectively, denied BLAKE his rights: 1) to be free from cruel, unusual and excessive punishment; 2) to be free from the use

of excessive force; 3) to be free from unlawful seizure of his person; 4) to be free from false accusations of crime; 5) to be free from assault and battery; and 6) to be free from deprivation of his right to prompt emergency medical care.

5.04. Defendants acted under the color of law to deprive Plaintiff of his civil rights, privileges or immunities secured by the Constitution and laws pursuant to 42 U.S.C. § 1983.

5.05. Plaintiff would show that Defendants were acting within custom, policy, practice and/or procedure of THE CITY OF CORINTH at the time of the incident. Plaintiff would further show that as a result of these violations of his rights, Plaintiff has suffered damages within the jurisdictional limits of this Court.

## VI.

## EXCESSIVE FORCE

6.01. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Plaintiff would show that Defendants' actions on the occasion in question were wrongful and constituted gross negligence in depriving Plaintiff of his constitutional rights, as alleged more fully below.

6.02. Plaintiff would show that at all times material hereto, Defendants had a duty to avoid infliction of unjustified bodily injury to Plaintiff; to protect Plaintiffs bodily integrity and to not trample on Plaintiffs constitutional rights.

6.03. Plaintiff would show that Defendants failed to act as reasonable police officers would have acted in the same or similar circumstances. That is, Defendants repeatedly Tasered BLAKE while he was disabled. They charged BLAKE with a crime without probable cause, even though BLAKE was in the throes of an epileptic seizure, a fact the Officers were made well aware of by TRAVIS and the paramedics.

6.04. BLAKE was strapped to a gurney by three (3) of his limbs, having only one (1) free arm. He clearly had no ability to inflict harm on the Officers but they chose to use the Taser Gun fifteen (15) times, burning him and inflicting tremendous pain, suffering and mental anguish.

6.05. Defendants essentially used the Taser weapon to give BLAKE an "attitude adjustment".

6.06. Defendants' actions in subsequently charging BLAKE with a crime were clearly a sham in order to cover and justify their unlawful conduct.

6.07. Defendants' actions were not objectively reasonable because they failed to follow reasonable procedures and they used excessive force for the alleged purpose of restraining a sixteen (16) year old boy who was already restrained by three (3) of his limbs, and who posed no danger to the Officers whatsoever.

6.08. Plaintiff would show that Defendants denied BLAKE his rights as heretofore stated in a summary fashion, without due process of law.

6.09. Plaintiff would show that defendants were acting within custom, policy, practice and/or procedure of THE CITY OF CORINTH at the time of the incident. Plaintiff would further show that as a result of these violations of his rights, Plaintiff has suffered damages within the jurisdictional limits of this Court.

**VII.**

**FALSE ARREST**

7.01. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Additionally and in the alternative, Plaintiff would show that Defendants' actions were objectively unreasonable and done in bad faith in that Defendants arrested Plaintiff without probable cause to think that Plaintiff had committed the crime of which Plaintiff was accused.

Plaintiff would further show that he has suffered damages within the jurisdictional limits of this Court from this wrongful arrest and that such arrest was done under color of law. Plaintiff would show that Defendants were acting within custom, policy, practice and/or procedure of THE CITY OF CORINTH at the time of the incident. Plaintiff would additionally show that such wrongful arrest was done in violation of Plaintiffs rights under the Fourth (4th) and Fifth (5th) Amendments of the United States Constitution, as incorporated to the states by the Fourteenth (14th) Amendment, and that plaintiff has suffered damages within the jurisdictional limits of this Court as a result of these violations of his rights.

## VIII.

## MALICIOUS PROSECUTION

8.01. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Additionally and in the alternative, Plaintiff would show that Defendants caused criminal charges to be filed against Plaintiff, and that Defendants did so knowing that such charges were baseless. Plaintiff would show that Defendants were acting within custom, policy, practice and/or procedure of THE CITY OF CORINTH at the time of the incident. Plaintiff would further show that he has suffered damages within the jurisdictional limits of this Court from such malicious prosecution, and that Plaintiff has suffered violations of his rights under the Fourth (4th) and Fifth (5th) Amendments of the United States Constitution, as incorporated to the states by the Fourteenth (14th) Amendment.

## IX.

## NEGLIGENT FAILURE TO TRAIN AND DISCIPLINE

9.01. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Additionally and in the alternative, Plaintiff would show that at all times material hereto, Defendant CITY OF CORINTH'S POLICE DEPARTMENT lacked reasonable and adequate

guidelines both to restrict the use of Tasers and to monitor their use, or, if such guidelines existed, they were grossly inadequate to ensure the proper and restrained use of Tasers by police personnel.

9.02. Plaintiff would show that the CORINTH POLICE DEPARTMENT acting through its Chief of Police endorsed the unfettered use of Tasers even in situations were no crime was committed. Plaintiff would show that Defendant CORINTH'S failure to properly train, supervise, test, regulate, discipline or otherwise control its employees and the failure to promulgate proper guidelines for the use of Tasers constitutes a custom, policy, practice and or procedure in condoning unjustified use of force in violation of the constitutional rights of Plaintiff. Furthermore, Defendant CITY OF CORINTH'S failure to properly train, supervise, test, regulate, discipline or otherwise control its employees serves to condone the improper behavior previously alleged. As a result of this failure to train and discipline, Plaintiff has suffered damages within the jurisdictional limits of this Court.

**X.**

**NEGLIGENT RETENTION**

10.01. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Additionally and in the alternative, Plaintiff would show that THE CITY OF CORINTH violated his rights by failing to restrict the three (3) Officers in question when they were aware that such officers had repeatedly inappropriately used their Taser weapons on prior occasions.

10.02. Defendant CITY OF CORINTH'S actions or inactions constituted a custom, policy, practice and/or procedure to continue the employment of unfit officers. As a result, Plaintiff has suffered damages within the jurisdictional limits of this Court.

## XI.

## CIVIL RIGHTS DAMAGES

11.01. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. As a direct and proximate result of the actions of Defendants, BLAKE has suffered physical injury including serious burns, physical pain and suffering, mental anguish, severe emotional distress, loss of reputation and embarrassment damages within the jurisdictional limits of this Court.

## XII.

## PUNITIVE/EXEMPLARY DAMAGES

12.01. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Additionally and in the alternative, the conduct of Defendants were done with malice. As such, Plaintiff requests punitive and exemplary damages to deter this type of conduct in the future. In the alternative, such heedless and reckless disregard of Plaintiff's rights, safety and welfare is more than momentary thoughtlessness, inadvertence or misjudgment. Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiff requests punitive and exemplary damages be awarded against Defendants in a sum which is within the jurisdictional limits of this Court.

## XIII.

## TEXAS TORT CLAIMS ACT ACTIONS

13.01. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Additionally and in the alternative, Plaintiff would show that THE CITY OF CORINTH is liable for the negligent and grossly negligent use tangible property.

13.02. Defendant CITY OF CORINTH is responsible for the actions of the three (3) Officers under Tex. Civ. Prac. & Rem. Code Ann., § 101.001, et. seq., commonly known as the Texas Tort Claims Act.

13.03. In this connection Plaintiffs assert that CORINTH is a governmental unit; that the Defendants owed BLAKE DWYER a duty to refrain from assaulting him and to refrain from using unreasonable and excessive force in bringing him under control in the medical emergency that existed; that CORINTH and the three (3) Officers in question breached that duty; that BLAKE sustained physical and emotional injuries as a direct and proximate result of that breach; that the injuries to BLAKE were proximately caused by the use or condition of personal property, to-wit: the Taser; and that CORINTH and its employees would have been personally liable to BLAKE had such acts been committed by a private employer and its employees.

13.04. In this connection Plaintiff duly notified THE CITY OF CORINTH of its claim as required by law.

13.05. As a direct and proximate result of the actions of Defendants, Plaintiff BLAKE DWYER has suffered physical injury, physical pain and suffering, mental anguish, severe emotional distress, and embarrassment damages within the jurisdictional limits of this Court.

**XIV.**

**INTENTIONAL TORTS OF TYSON, HUBBARD AND CROWE**

14.01. As a direct and proximate result of said Defendants violation of BLAKES' Civil Rights, negligence, gross negligence, and intentional conduct, as described above, Plaintiff DEANNA DWYER has suffered severe mental pain and suffering since her contemporaneous perception of the occurrence made the basis of this suit and of the injuries and harm sustained by BLAKE. DEANNA was horrified as she listened on the phone to TRAVIS' imploring the Officers

not to hurt BLAKE, and to BLAKE'S cries of pain and anguish, and the audible sound of the Taser as the officers shocked BLAKE over and over again.

14.02. In particular, the Plaintiffs would show the Court that DEANNA DWYER immediately after the occurrence made the basis of this suit began to experience extreme nervousness, distractibility, difficulty sleeping, fear, flashbacks and rage. DEANNA has further had physical manifestations of said mental anguish in terms of headaches, loss of sleep and nausea.

14.03. As a result, DEANNA DWYER has sustained damages which are actionable under both the Federal and State law claims made herein, and Plaintiffs are entitled to recover actual and exemplary damages as a result thereof.

14.04. As a direct and proximate result of the actions of said Defendants, BLAKE has suffered physical injury, physical pain and suffering, mental anguish, severe emotional distress, and embarrassment damages within the jurisdictional limits of this Court.

## XV.

## INDIVIDUAL LIABILITY OF OFFICERS TYSON, HUBBARD AND CROWE

15.01. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Plaintiff would show that if Defendants TYSON, HUBBARD and CROWE were acting in their individual capacity, then they committed the following intentional torts against BLAKE: (a). Assault and Battery; (b); False Arrest; (c); Malicious Prosecution.

## XVI.

## PUNITIVE/EXEMPLARY DAMAGES

16.01. The allegations made in the preceding paragraphs are incorporated by reference, as necessary.

16.02. Additionally and in the alternative, the conduct of Defendants TYSON, HUBBARD and CROWE was done with malice, as that term is defined by Texas Law. As such, Plaintiff requests punitive and exemplary damages to deter this type of conduct in the future.

16.03. In the alternative, such heedless and reckless disregard of Plaintiff's rights, safety and welfare is more than momentary thoughtlessness, inadvertence or misjudgment. Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiff requests punitive and exemplary damages be awarded against the individual Defendants in a sum which is within the jurisdictional limits of this Court.

**XVII.**

**COSTS AND ATTORNEY FEES**

17.01. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Plaintiff requests the Court to award costs and attorney fees incurred both in defense of the false charges brought by Defendants and in Plaintiffs prosecution of this litigation.

**XVIII.**

**JOINT AND SEVERAL LIABILITY**

18.01. The allegations made in the preceding paragraphs are incorporated by reference, as necessary. Plaintiff would show that Defendants named in this suit were jointly and severally liable for the negligence and gross negligence which was the proximate cause of Plaintiff's injuries.

**XVIV**

**TRIAL BY JURY**

19.01. Plaintiff demands trial by jury.

## XX.

## PRAYER

20.01. WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that Defendants be summoned to appear and answer herein; that upon final trial hereof Plaintiffs have and recover judgment from Defendants for their actual and exemplary damages; pre-judgment interest at the legal rate; post-judgment interest on said judgment at the legal rate; costs of court; reasonable and necessary attorney fees, and such other and further relief, both general and special, at law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

THE WHITTEN LAW FIRM, P.C.
218 North Elm Street
Denton, TX 76201
(940) 383-1618 or Metro (972) 434-3833
Fax: (940) 898-0196

Michael J. Whitten

MICHAEL J. WHITTEN
Texas SBN: 21392000

HAIRE LAW FIRM, P.C.
1120 North Locust Street
Denton, TX 76201
(940) 484-5555
Fax: (940) 380-4078

/s/ Rocky Haire by Michael J. Whitten with permission

ROCKY HAIRE
Texas SBN: 00795402
JUSTIN J. STEINBOCK
Texas SBN: 24051383

ATTORNEYS FOR PLAINTIFFS
(APPLICATIONS FOR ADMISSION PENDING)