# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| DEANNA DWYER, INDIVIDUALLY § <br> AND AS NEXT FRIEND FOR § <br> BLAKE DWYER, A MINOR § <br> § <br> V. § <br> § <br> CITY OF CORINTH, TEXAS, A TEXAS § <br> HOME RULE CITY, DEBRA BRADLEY, § <br> CHIEF OF POLICE OF THE CITY OF § <br> CORINTH, KEVIN TYSON, A POLICE § <br> OFFICER FOR THE CITY OF CORINTH, § <br> CRAIG HUBBARD, A POLICE OFFICER § <br> FOR THE CITY OF CORINTH, CARSON § <br> CROWE, A POLICE OFFICER FOR THE § <br> CITY OF CORINTH, AND TASER § <br> INTERNATIONAL, INC. § | CASE NO. 4:09-CV-198 <br> Judge Schneider/Judge Mazzant |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendants City of Corinth, Texas, Debra Bradley, Kevin Tyson, Craig Hubbert, and Carson Crow's Second Rule 12(c) Motion for Judgment on the Pleadings (Dkt. #50). Having considered the relevant pleadings, the Court is of the opinion that the motion for judgment on the pleadings should be denied in part and granted in part.

### BACKGROUND

On October 23, 2008, Plaintiff Deanna Dwyer, individually and as next friend of Blake Dwyer, a minor, filed an Original Complaint against Defendants City of Corinth, Debra Bradley, Kevin Tyson, Craig Hubbert and Carson Crow. Plaintiff subsequently filed an Amended Complaint on November 4, 2008, adding Defendant Taser International, Inc. Plaintiff filed a Second Amended

Complaint on July 29, 2009.[1] Plaintiff claims officers Tyson, Hubbert and Crow violated Plaintiff's constitutional rights by unlawful seizure, use of excessive force, false accusations of crime, and improper arrest. In addition, Plaintiff asserts claims against the City of Corinth for improper training, discipline, supervision, and retention and against Taser International, Inc. for product liability. The events made the basis of these claims took place on July 17, 2007, when officers Tyson, Hubbert and Crow were called to assist paramedics with Plaintiff, who was having a seizure. The officers allegedly used a Taser device repeatedly on Plaintiff, a minor, during and after the seizure.

Defendants move for judgment on the pleadings, arguing the following: Plaintiff's official-capacity claims against the individual Defendants are redundant; Plaintiff has not stated viable federal claims against the individual Defendants; Plaintiff has not stated viable federal claims against the City of Corinth; the individual Defendants are entitled to dismissal of the state-law claims against them; the City of Corinth is entitled to governmental immunity from Plaintiff's state-law claims; Plaintiff may not maintain damages claims under the Texas Constitution; and Plaintiff's claim for punitive damages should not be allowed. Further, Defendants argue the following causes of action should be dismissed because Plaintiff's response does not address or respond to Defendants' arguments for dismissal: Plaintiff's unlawful seizure claim; Plaintiff's state law tort claims against the individual Defendants, on the basis of §101.106 of the Texas Tort Claims Act; and Plaintiff's claims for punitive/exemplary damages against the City of Corinth under federal and state law.

---

[1] On July 8, 2009, the Court ordered Plaintiff to consolidate the allegations pleaded, and to address all of the arguments asserted by the Defendants in their first Motion for Judgment on the Pleadings.

**STANDARD**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed...a party may move for judgment on the pleadings." The legal standards for review of motions pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c) are indistinguishable. *Jones v. Greniger*, 188 F.3d 322, 324 (5th Cir. 1999).

In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzalez*, 577 F.3d at 603 (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id*.

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1951. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary

claims or elements." *Morgan v. Hubert*, No. 08-30388, 2009 WL 1884605 *3 (5th Cir. July 1, 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. At 1950.

## ANALYSIS

*Federal Claims Against Individual Defendants*

**Chief Bradley**

Plaintiff claims that Debra Bradley ("Bradley"), as Chief of Police of the City of Corinth, has supervisory control over all policies and procedures of the Corinth Police Department ("CPD") and is responsible for such policies or procedures that caused Plaintiff's damages. SECOND AMEND. COMP. at 2. Defendants argue that Plaintiff's claims against Bradley should be dismissed, noting that Plaintiff does not indicate whether Bradley is being sued in her official capacity as police chief or in her individual capacity. REPLY at 3. Defendants argue that Plaintiff has not provided any facts showing Bradley had any personal involvement in the events central to this lawsuit, and cannot show any as Bradley did not have any supervisory duties with the City of Corinth at the time of the incident. *Id*. Further, Defendants argue that any official-capacity claims against Bradley are redundant of the claims against the City of Corinth.[2] *Id*.

Specifically, Defendants argue that Plaintiff's allegation that Bradley did not properly train or discipline officers, or enforce policy, is without merit because it was not alleged in the complaint.[3]

---

[2] As noted in the Court's July 8, 2009 order, Plaintiff conceded during the scheduling conference that suit against individual Defendants in their official capacity was the same as suing the City of Corinth.

[3] Bradley is listed by Plaintiff as a party, however no specific allegations are addressed towards Bradley outside of stating she is responsible for supervisory control over policies and procedures of the Corinth Police Department.

*Id*. at 4. Further, Defendants claim such allegations could not be the proximate cause of Plaintiff's damages as Bradley was not chief of police at the time of the incident or before the incident. *Id*. Defendants also argue that Plaintiff's assertion that a claim for injunctive relief in the future may be needed is not included in the pleadings and thus not ripe. *Id*.

Here, Plaintiff has not pleaded facts that "permit the [C]ourt to infer...that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 (quoting Fed. Rule Civ. Proc. 8(a)(2)). Plaintiff agreed during the scheduling conference that suing Bradley in her official capacity is the same as pleading an action against the City of Corinth. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). Therefore, any allegations of improper procedures or policies should be brought against the City of Corinth, which is a party to this suit. Further, as Defendants argue, any future claim for injunctive relief should be brought against the City of Corinth.

In regard to Bradley's individual liability, Plaintiff has not pleaded sufficient facts to give rise to a plausible entitlement to relief. *Iqbal*, 129 S.Ct. at 1950 (quoting *Twombly*, 550 U.S. at 555.). Plaintiff must allege facts that show Bradley had personal involvement in the deprivation of constitutional rights in order to hold her personally responsible for a civil rights violation. *See Young v. City of Killeen, Tex.*, 775 F.2d 1349, 1352 (5th Cir. 1985) ( "personal responsibility of the chief for the constitutional deprivation is an essential element of a civil rights cause of action against him"). By Plaintiff's own admission, Bradley was "employed elsewhere at the time of the incident." SECOND AMEND. COMP. at 3. Because Plaintiff has alleged no facts that could plausibly show Bradley had personal involvement in the alleged harm to Plaintiff, there can be no personal liability against Bradley in her individual capacity.

As Plaintiff has not pleaded sufficient facts, the Court recommends that all claims against Bradley, in her individual and official capacity, should be dismissed.

**Excessive Force Claim**

Plaintiff brings a claim for the use of excessive force against officers Tyson, Hubbert and Crow.[4]  SECOND AMEND. COMP. at 8.  A plaintiff's claim for excessive force must be determined according to the Fourth Amendment under its "reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989).  The issue of reasonableness centers on whether the officer's actions are "objectively reasonable" in light of the facts and circumstances with which he is faced, without regard to the officer's underlying intent or motivation. *Id*. at 397.  Whether the use of force is reasonable "must be judged from the perspective of a reasonable officer on the scene, rather than the 20/20 vision of hindsight." *Id*. at 396.  Plaintiff must show "(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." *Hathaway v. Bazany*, 507 F.3d 312, 320 (5th Cir. 2007).

The Plaintiff states that "Defendants repeatedly Tasered [Plaintiff] while he was disabled and used a dangerous choke hold without justification or excuse." SECOND AMEND. COMP. at 9. Plaintiff further alleges that "[Plaintiff] was strapped to a gurney by three (3) of his limbs, having only one (1) free arm.  He had no ability to inflict harm on the Officers, but they chose to use the Taser Gun fifteen (15) times, burning him with first and second degree burns and inflicting tremendous pain,

---

[4] Plaintiff does not designate whether Defendants are sued in their individual or official capacity.  In their reply, Defendants assert that the 12(c) motion "is not based upon any of the individual Defendants' qualified or official immunity defenses." REPLY at 5.  The Court will only address the adequacy of Plaintiff's pleadings, without regard to any possible immunity defenses, as Defendants indicate these defenses were only offered in regard to Plaintiff's claim for unlawful seizure. *See* REPLY at 5.  Further, Plaintiff conceded during the scheduling conference that suit against individual Defendants in their official capacity was the same as suing the City of Corinth.  Therefore, the Court will consider the cause of action to be brought against Defendants in their individual capacity.

suffering and mental anguish." *Id*. Officers also used a "choke hold that resulted in bruises to his neck and burst blood vessels in his eyes and face." *Id*. at 7. "Defendants' actions were not objectively reasonable because...they used excessive force for the alleged purpose of restraining a sixteen (16) year old boy who was already restrained by three (3) of his limbs, and who posed no danger to the Officers whatsoever." *Id*. at 9.

Defendants argue that, according to the complaint, Plaintiff was flailing and resisting the paramedics, striking one of them, and resulting in a call for police assistance. SECOND MOT. FOR JUDG. PLEADINGS at 9. Further, Defendants argue that Plaintiff admits that he resisted attempts to provide medical assistance after police arrived, which resulted in the use of a Taser. *Id*. Defendants argue that Plaintiff improperly states his claim "in terms of some sort of negligence," instead of alleging that the force used was objectively unreasonable. *Id*.

The Court believes that Plaintiff has pleaded sufficient facts to establish a plausible excessive force claim. The facts pleaded are not "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 129 S.Ct. at 1949. Taken as true, Plaintiff's facts state that officers used a Taser gun fifteen times on Plaintiff and applied a choke hold to Plaintiff, while Plaintiff, a sixteen-year-old boy, was restrained except for one arm, leading to burns, bruising, and burst blood vessels. In the opinion of the Court, these facts are sufficient to plausibly establish "(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." *Hathaway*, 507 F.3d at 320. The Court does not agree with the Defendants that Plaintiff's use of language traditionally used in the negligence context is grounds for dismissing his excessive force claim. Plaintiff provided sufficient facts for a plausible excessive force claim. A misapplication of the legal standard for excessive force does not negate well-pleaded

7

facts that can plausibly give rise to an entitlement to relief. Therefore, the Court recommends that Defendants' motion to dismiss Plaintiff's claim for excessive force should be denied.

**Failure to Intervene**

Plaintiff brings a cause of action for failure to intervene to prevent the use of excessive force against officers Tyson, Hubbert and Crow.[5] SECOND AMEND. COMP. at 10. "An officer that is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983." *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995). A critical inquiry in a failure to intervene claim is whether the officer "had a reasonable opportunity to realize the excessive nature of the force and to intervene to stop it." *Id*.   While Plaintiff does not know which of the three officers used the Taser and which applied the choke hold, Plaintiff alleges that "[t]hese officers were aware that the use of the Taser so many times posed a serious risk of harm to [Plaintiff]." SECOND AMEND. COMP. at 10. Plaintiff argues that the officers that did not fire the Taser or apply the choke hold stood by and allowed the use of the Taser and choke hold, despite a duty to prevent the use of excessive force. *Id*. Defendants argue that "Plaintiff has not pled facts demonstrating anything other than officers' presence at a location where force was employed," which is not sufficient to state a cause of action for failure to intervene. REPLY at 6. According to Defendants, Plaintiff's complaint contains "no specific allegations as to who actually used the alleged excessive force, who observed it, where such observers were when they observed, nor how long they had an opportunity to observe it." SECOND MOT. FOR JUDG. PLEADINGS at 10.

Here, Plaintiff has pleaded facts that "permit the [C]ourt to infer...that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 (quoting Fed. Rule Civ. Proc. 8(a)(2)). Taken as true, Plaintiff's

---

[5] See FN No. 4.

facts state that officers used a Taser gun fifteen times on Plaintiff and applied a choke hold to Plaintiff, while Plaintiff, a sixteen-year-old boy, was restrained except for one arm, leading to burns, bruising, and burst blood vessels. In the opinion of the Court, these facts are sufficient to plausibly establish that a reasonable opportunity existed for an officer to realize that using a Tazer gun fifteen times on a sixteen-year-old boy, who has three limbs restrained, is excessive. It follows, that this officer or officers would have "a realistic opportunity to stop" the use of the Tazer if it was deployed fifteen times. *Hale*, 45 F.3d at 919. Therefore, the Court recommends that Defendants' motion to dismiss Plaintiff's claim for failure to intervene should be denied.

**Unlawful Seizure/Improper Arrest**

Plaintiff brings claims against the officers Tyson, Hubbert and Crow for unlawful seizure and/or a right to be free from false accusations of a crime.[6] SECOND AMEND. COMP. at 10. Under the Fourth Amendment, an arrest must be based on probable cause, which exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of the arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Spiller v. City of Texas City, Police Dept.* 130 F.3d 162, 165 (5th Cir. 1997); *United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996). Plaintiff's right to be free from unlawful arrest is a federally protected right that may constitute grounds for a suit under section 1983. *Dennis v. Warren*, 779 F.2d 245, 247-48 (5th Cir. 1985). The Court conducts a two-step analysis in examining an unlawful arrest claim. *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004). First, the Court must establish whether there was probable cause to arrest Plaintiff, and second, whether Defendants' use of excessive force made the arrest unlawful. *Id*.

---

[6] See FN No. 4.

Defendants argue that "paramedics and police officers were at the scene to transport [Plaintiff] to a hospital for medical treatment, not arrest him, and that is apparently what happened." SECOND MOT. FOR JUDG. PLEADINGS at 12. They argue that Plaintiff alleges no facts that Plaintiff was arrested. *Id*. Defendants argue that officers had probable cause to detain Plaintiff, in that Plaintiff admits to conduct that constitutes assault and/or assault on a public servant. *Id*. Defendants argue that Plaintiff's argument that striking the paramedic was unintentional is completely subjective and that a reasonable officer could conclude that Plaintiff had assaulted the paramedic, giving the officers probable cause to detain Plaintiff. *Id*. at 13. Further, Defendants argue that, as Plaintiff has failed to respond to Defendants' arguments on this issue, and as Defendants' motion establishes as a matter of law that Plaintiff has failed to plead a viable claim, the cause of action for unlawful seizure should be dismissed. REPLY at 8.

"Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Flores*, 381 F.3d at 402 (quoting *United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996)). Defendants argue that there was probable cause to arrest Plaintiff for assault, as Plaintiff stated that the officers were called after Plaintiff struck one of the paramedics. SECOND MOT. FOR JUDG. PLEADINGS at 12. Plaintiff does not specifically state what he was arrested for, or what crime he was charged with, but states "[t]hey charged [Plaintiff] with a crime without probable cause" and that "charging [Plaintiff] with a crime [was] a sham in order to cover and justify their unlawful conduct." SECOND AMEND. COMP. at 9. Plaintiff does not allege any additional facts specific to this claim, but bases a lack of probable cause on Plaintiff being in a seizure state and strapped down by three limbs, essentially the same facts alleged in his excessive

10

force cause of action.

Based on these alleged facts, the Court agrees that Defendants had probable cause to arrest Plaintiff for striking one of the paramedics. The Defendant officers could reasonably arrive on the scene and conclude that Plaintiff had committed a crime because Plaintiff was resisting being strapped to the gurney and the paramedics specifically reported to Defendants that Plaintiff struck them. Therefore, there was probable cause to arrest Plaintiff, although Plaintiff has not specifically alleged an arrest outside of stating that he was subsequently charged with an unspecified crime.

The Court finds that Plaintiff's claim for unlawful arrest is just his excessive force claim restated. Generally, claims for unlawful arrest are considered separately from those of excessive use of force, "the former based on the probable cause standard without reference to the manner in which the arrest was accomplished." *Flores*, 381 F.3d at 403. Plaintiff appears to argue that the arrest, if one occurred, was unlawful because of the way it was conducted. However, the use of excessive force does not create two causes of action, as "the Fourth Amendment encompasses the right to be free from excessive force *in addition to* the right to be free from an arrest made unlawful by the absence of probable cause." *Id*. Therefore, the only possible cause of action to support an unlawful arrest claim is the Fifth Circuit's recognition of a cause of action for unreasonable seizure. *Id*.

A claim for "unreasonable seizure" may be asserted in regards to the circumstances of an arrest. *Glenn v. City of Tyler*, 242 F.3d 307, 313-14 (5th Cir. 2001) (citing *Valencia v. Wiggins*, 981 F.2d 1440, 1444 (5th Cir. 1993)). When probable cause to arrest exists, generally "the government's interests in enforcing its laws outweigh the suspect's privacy interest and arrest of the suspect is reasonable." *Atwater v. City of Lago,* 195 F.3d 242, 244 (5th Cir. 1999). This principle is deviated from "only when an arrest is conducted in an extraordinary manner, unusually harmful to an

11

individual's privacy or even physical interests." *Id*. at 244-45.

When an unreasonable seizure claim is indistinguishable from a traditional excessive force claim, it should be dismissed. *Flores*, 381 F.3d at 403. "In *Glenn*, the plaintiff's claim was based on the manner of her arrest - she was left in an unventilated vehicle in the 'baking sun' for almost an hour." *Id*. (quoting *Glenn*, 242 F.3d at 311). This is distinguishable from a traditional excessive force claim because the injuries did not result from an actual use of force. *Id*. Unlike *Glenn*, the facts alleged by Plaintiff in support of his unlawful seizure claim are identical to those in support of his excessive force claim. Therefore, he cannot raise a claim for unlawful seizure.

For the foregoing reasons, the Court recommends that Plaintiff's claim for unlawful seizure and "right...to be free from false accusations of a crime"[7] should be dismissed. Further, as Defendants argue, Plaintiff has not responded to arguments made in Defendants' renewed motion for judgment on the pleadings. Therefore, pursuant to Local Rule 7(d), the Court presumes that Plaintiff is no longer opposed to the dismissal of these claims.

*Federal Claims Against City of Corinth*

Plaintiff brings causes of action against Defendants under 42 U.S.C. § 1983 for a failure to properly train and discipline officers and for improper retention. SECOND AMEND. COMP. at 11. To state a claim against a municipality under section 1983, a plaintiff must allege that: "(1) a policy or custom existed; (2) the governmental policy makers actually or constructively knew of its existence; (3) a constitutional violation occurred; and (4) the custom or policy served as the moving force behind the violation." *Meadowbriar Home for Children, Inc. v. G.B. Gunn*, 81 F.3d 521, 532-33 (5th Cir. 1996). Furthermore, a plaintiff must allege that a given policy was either nonexistent or

---

[7] See Second Amended Complaint at 8.

inadequate and that it was adopted with deliberate indifference to the constitutional rights of citizens. *City of Canton v. Harris*, 489 U.S. 378, 387-91 (1989). To state a claim in "failure to train" cases, a plaintiff must allege that a constitutional violation is a highly predictable consequence of that failure. *Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 409 (1997).

Plaintiff argues that Defendants' "failure to train, supervise, test, regulate, discipline or otherwise control its employees and the failure to promulgate and enforce proper guidelines for the use of Tasers constitutes a custom, policy, practice and or procedure in condoning unjustified use of force." SECOND AMEND. COMP. at 11. Plaintiff argues that "the Corinth Police Department's Use of Force Policy...makes clear that the use of the Taser is only permitted to prevent harm to an Officer or some other person."[8] RESPONSE at 9. Plaintiff alleges that the "excessive use of the Taser" is a "*de facto* policy" of the City of Corinth. *Id*. at 12. Defendants argue that Plaintiff's claims of "improper training, supervision/discipline, and retention" should be dismissed because the allegations are insufficient to state a claim. SECOND MOT. FOR JUDG. PLEADINGS at 17. According to Defendants, Plaintiff does not make allegations of "deliberate indifference" in regard to his claims. *Id*.

Here, Plaintiff has alleged facts that allow the Court to conclude that he is entitled to relief. *Iqbal*, 129 S.Ct. at 1950 (quoting Fed. Rule Civ. Proc. 8(a)(2)). The Supreme Court has expressly prohibited the application of a heightened pleading standard to section 1983 claims against municipalities. *Jones v.* Bock, 549 U.S. 199, 212-13 (2007) (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993)). Instead, a plaintiff need

---

[8] The Court has not considered any extrinsic evidence, despite Plaintiff attaching the use of force policy to its response.

only comply with notice pleading requirements by presenting a "short and plain statement of the claims showing that the pleader is entitled to relief." *Id*. "Boilerplate" allegations of inadequate municipal policies or customs are generally sufficient. *See Whittington v. City of Cuero*, No. 6:06-CV-00011, 2007 WL 951864, *4 (S.D. Tex. March, 28, 2007); *See also Jacobs v. Port Neches Police Dept.*, No. 1:94-CV-767, 1996 WL 363023, *13-15 (E.D. Tex. June, 26, 1996); *DeFrancis v. Bush*, 839 F.Supp. 13, 14 (E.D. Tex. 1993).

     Plaintiff has alleged that the policy or custom of Defendants, which includes poor training and discipline of law enforcement officers, played a part in the deprivation of his rights. While the allegations alleged by Plaintiff, standing alone, do not contain the sort of specificity normally required, the allegations are nonetheless sufficient to withstand a motion to dismiss at the pleadings stage. *See Jacobs*, No. 1:94-CV-767, 1996 WL 363023 at *15 (allegations sufficient at pleadings stage that state "defendant...failed to adequately train and supervise its officers"); *See also Defrancis*, 839 F. Supp. at 14 (complaint alleged that "policy, custom, or tradition" played part in deprivation of rights, and the policy or custom included poor training of police personnel). Plaintiff need not set forth all the details of his case against a municipality under section 1983 at the pleadings stage. *Leatherman*, 507 U.S. at 168. Based on the Court's "judicial experience and common sense," Plaintiff's alleged facts give rise to a plausible entitlement to relief under the FHA. *Iqbal*, 129 S.Ct. at 1950 (quoting *Twombly*, 550 U.S. at 555.). Taken as true, Plaintiff's allegations could plausibly entitle Plaintiff to relief under section 1983. Therefore, the Court recommends that Defendants' motion to dismiss Plaintiff's section 1983 claims against the City of Corinth for a failure to properly train and discipline officers and for improper retention should be denied.

### *State-Law Claims Against Individual Defendants*

Plaintiff alleges that the three Defendant officers are liable to Plaintiff under the Texas Tort Claims Act for "intentional torts." SECOND AMEND. COMP. at 14. Plaintiff bases these claims on the same events described above. Defendants argue, and the Court agrees, that because Plaintiff has asserted state-law tort claims against the City of Corinth, the employer of the individual Defendants, the claims against the individual Defendants should be dismissed. *See* Tex. Civ. Pract. & Rem. Code § 101.106(e) ("If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."). Therefore, the Court recommends that Plaintiff's claims under the Texas Tort Claims Act against officers Tyson, Hubbert, and Crowe be dismissed.

### *State-Law Claims Against City of Corinth*

Plaintiff alleges that Defendant City of Corinth is "liable for the negligent and grossly negligent use by the Officers of tangible property" under the Texas Tort Claims Act. SECOND AMEND. COMP. at 13. The Texas Tort Claims Act ("TTCA") requires state-law claims to arise in one of two ways: (1) from the conduct of a governmental unit's employee that involves the operation of a motor-driven vehicle or equipment; or (2) from the condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. Tex. Civ. Pract. & Rem. Code § 101.021. The TTCA also prohibits claims for intentional torts. Tex. Civ. Pract. & Rem. Code § 101.057. A claim properly stated as an intentional tort may not be restated as a claim for negligence. *Lopez-Rodriguez v. City of Levelland, Texas*, 100 F. App'x 272, 275 (5th Cir. 2004) (citing *Hucker v. City of Beaumont*, 144 F. Supp.2d 696, 708 (E.D. Tex. 2001). However, the conduct underlying intentional torts may be a basis for proper

claims of negligence. *Id.*

Defendants argue that Plaintiff is attempting to characterize his claim as negligence in an attempt to avoid the City of Corinth's immunity to intentional tort claims under the TTCA. SECOND MOT. FOR JUDG. PLEADINGS at 23. The Defendants argue that Plaintiff's factual allegations expressly claim that the use of the Taser was an intentional assault and are expressly stated to be based upon intentional torts. *Id.* at 22. Plaintiff counters that "the Plaintiff is entitled to submit alternative and contradictory causes of action to the jury...the jury might find that the conduct of the Officers was not intentional, but was reckless, grossly negligent, or merely negligent." RESPONSE at 12.

The Court finds that Plaintiff's claim against the City of Corinth alleges an intentional tort and that section 101.057 applies to except the claims from the TTCA's waiver of immunity. Plaintiff has alleged claims that "arise out" of the officers' use of force - repeated use of a Taser - against Plaintiff. Plaintiff alleges that officers negligently used the Taser against Plaintiff in his claim against the City of Corinth, while simultaneously bringing TTCA claims against the individual officers titled "Intentional Torts of Tyson, Hubbert, and Crowe." *See* SECOND AMEND. COMP. at 13-14. Further, Plaintiff's factual allegations expressly claim the use of the Taser was an intentional assault. *Id.* at 7. While Plaintiff does not specifically allege a cause of action for assault, Plaintiff argues that the conduct of Defendants denied Plaintiff his "right to be free from...assault and battery." *Id.* at 8. The facts alleged in the complaint contradict any assertion by Plaintiff that the use of the Taser was unintentional or negligent, until Plaintiff attempts to circumvent the TTCA's municipal immunity clause. Therefore, the Court recommends that Plaintiff's claims against the City of Corinth under the TTCA be dismissed.

*Claims for Punitive or Exemplary Damages Against The City of Corinth*

Plaintiff has alleged claims for punitive or exemplary damages against Defendants under both Federal and State law. Defendants argue that municipal defendants are immune to exemplary or punitive damages under § 1983 of the Civil Rights Act and under Texas law. SECOND MOT. FOR JUDG. PLEADINGS at 23. The Court finds that Plaintiff's claims against Defendant City of Corinth for exemplary and punitive damages under § 1983 should be dismissed as municipal defendants are immune from § 1983 awards of punitive or exemplary damages. *Causby v. Groveton Independent School Dist.*, No. 9:05-CV-172, 2005 WL 3359885 *4 (E.D. Tex. Dec. 8, 2005) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 260 (1981)). Also, the Court finds that Plaintiff's claims against Defendant City of Corinth for exemplary and punitive damages under Texas law should be dismissed as the TTCA does not authorize exemplary damages against municipal defendants. Tex. Civ. Pract. & Rem. Code § 101.024. Further, as Defendants argue, Plaintiff has not responded to arguments made in Defendants' renewed motion for judgment on the pleadings. Therefore, pursuant to Local Rule 7(d), the Court presumes that Plaintiff is no longer opposed to the dismissal of these claims. For the foregoing reasons, the Court recommends that Plaintiff's claims for exemplary or punitive damages against Defendant City of Corinth should be dismissed.

**CONCLUSION**

In order to clarify, the Court recommends the following in regard to the causes of action presented by Plaintiff:

1. The motion to dismiss as to Plaintiff's claims against Chief Bradley in her official capacity should be GRANTED.

2. The motion to dismiss as to Plaintiff's claims against Chief Bradley in her individual or

      personal capacity should be GRANTED.

3. The motion to dismiss as to Plaintiff's claim for excessive force against officers Tyson, Hubbert and Crow should be DENIED.

4. The motion to dismiss as to Plaintiff's claim for failure to intervene against officers Tyson, Hubbert and Crow should be DENIED.

5. The motion to dismiss as to Plaintiff's claims for unlawful seizure/improper arrest against officers Tyson, Hubbert and Crow should be GRANTED.

6. The motion to dismiss as to Plaintiff's § 1983 claims for improper training, supervision, discipline, and retention against the City of Corinth should be DENIED.

7. The motion to dismiss as to Plaintiff's Texas Tort Claims Act claims against officers Tyson, Hubbert and Crow should be GRANTED.

8. The motion to dismiss as to Plaintiff's Texas Tort Claims Act claims against the City of Corinth should be GRANTED.

9. The motion to dismiss as to Plaintiff's § 1983 claims for improper training, supervision, discipline, and retention against the City of Corinth for punitive or exemplary damages should be GRANTED.

10. The motion to dismiss as to Plaintiff's state-law claims against the City of Corinth for punitive or exemplary damages should be GRANTED.

The following causes of action remain:

1. Plaintiff's claim for excessive force against officers Tyson, Hubbert and Crow.

2. Plaintiff's claim for failure to intervene against officers Tyson, Hubbert and Crow.

3. Plaintiff's § 1983 claims of improper training, supervision, discipline, and retention against

the City of Corinth.

## RECOMMENDATION

Based upon the findings and legal analysis discussed above, the Court RECOMMENDS that Defendants' Rule 12(c) motion for judgment on the pleadings be DENIED in part and GRANTED in part.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 23rd day of October, 2009.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE