**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| DEANNA DWYER, INDIVIDUALLY § | | |
| AND AS NEXT FRIEND FOR BLAKE § | | |
| DWYER, A MINOR § | | |
| § | | |
| v. § | | |
| § | | |
| CITY OF CORINTH, TEXAS, A § | | |
| TEXAS HOME RULE CITY, DEBRA § | CASE NO. 4:09-CV-198 | |
| BRADLEY, CHIEF OF POLICE OF § | | |
| THE CITY OF CORINTH, KEVIN § | | |
| TYSON, A POLICE OFFICER FOR § | | |
| THE CITY OF CORINTH, CRAIG § | | |
| HUBBARD, A POLICE OFFICER FOR § | | |
| THE CITY OF CORINTH, CARSON § | | |
| CROWE, A POLICE OFFICER FOR § | | |
| THE CITY OF CORINTH, AND TASER § | | |
| INTERNATIONAL, INC. § | | |

**DEFENDANT'S THIRD AMENDED MOTION IN LIMINE**

TO THE HONORABLE COURT:

Pursuant to this Court's Order Setting Case for Trial, Defendant Officer Kevin Tyson submits his motion in limine.

Defendant Officer Kevin Tyson respectfully move the Court to exclude from evidence and to instruct Plaintiff and Plaintiff's counsel not to testify, to seek to elicit testimony, to mention or refer to, or in any way advert to, in the presence of the jurors or prospective jurors, any of the following matters without first approaching the Court and receiving leave to raise the matter.

**Requested Limine Item 1:** Any complaints or Corinth Police Department internal administrative investigations of Officer Kevin Tyson, or any other officer or employee of the

City of Corinth, regarding the incident at issue or regarding any other matter or allegation.[1]

**Requested Limine Item 2:**   Any allegation of misconduct by Officer Kevin Tyson or any other Corinth police officer other than the allegations at issue in this civil action.[2]

**Requested Limine Item 3:**   Any alleged use of excessive force by Officer Kevin Tyson, whether occurring before or after July 17, 2007, other than the incident that is the basis of this civil action.[3]

**Requested Limine Item 4:**   The effect, if any, which a verdict or judgment in this case might have upon the future conduct of Officer Kevin Tyson, the City of Corinth or City of Corinth's employees in specifically or in general.[4]

**Requested Limine Item 5:**   The making of this motion or the Court's consideration or disposition of this motion.[5]

**Requested Limine Item 6:**   Any bond or policy of insurance or contract, assurance, agreement or arrangement by which any person, corporation or other entity is obligated to pay any judgment against Defendant or to indemnify them or hold them harmless in the event of a judgment against them, or the fact that some persons may be insured against losses or judgments arising out of intentional or accidental injuries to others.[6]

**Requested Limine Item 7:**   Any statement or comment made by counsel or the Court outside the hearing of the jury, or any such statement or comment attributed to counsel or the Court.[7]

**Requested Limine Item 8:**   Any request before the jury that Defendant or his counsel produce any document or item from their file.

---

[1] *See* Fed. R. Evid. 103(c), 401, 402, 403, 404(b), 608 and 609.
[2] *See* Fed. R. Evid. 103(c), 401, 402, 403, 404(b), 608 and 609.
[3] *See* Fed. R. Evid. 103(c), 401, 402, 403, 404(b), 608 and 609
[4] *See* Fed. R. Civ. Evid. 103(c).
[5] *See* Fed. R. Civ. Evid. 103(c).
[6] *See* Fed. R. Civ. Evid. 103(c), 401, 402, and 403.
[7] *See* Fed. R. Civ. Evid. 103(c), 401, 402, and 403.

**Requested Limine Item 9:**  Whether Defendant has made any effort to make redress to Plaintiff or any other person allegedly damaged by the incident in question.[8]

**Requested Limine Item 10:**  Any mention or reference to violations of Corinth's written policies and procedures as the applicable standard for analyzing violations of federal law.[9]

**Requested Limine Item 11:**  Any mention or reference to the subjective intent of Officer Kevin Tyson prior to and during this incident.[10]

**Requested Limine Item 12:**  Any mention or reference to the Court's actions or rulings on any dispositive motion filed by Defendant.[11]

**Requested Limine Item 13:**  Any mention or reference to who would pay any judgment rendered in this matter, or any mention or reference to compensation for defense counsel.

**Requested Limine Item 14:**  Any reference to internet, blogs, newspaper articles, or any other media which discusses the incident giving rise to this lawsuit.

**Requested Limine Item 15:**  Any mention or reference to Plaintiff's retained expert, Geoffrey P. Alpert. Plaintiff did not produce a written report in violation of Rule 26a(2)(B).

**Requested Limine Item 16:**  Any mention or reference to documents or witnesses not timely disclosed pursuant to the court's scheduling order or Rule

Defendant reserves the right to supplement or amend this Motion in response to Plaintiff or as a result of pretrial orders.  The basis for these motions is that the evidence pertaining to the matters set forth is not relevant to any material issue in this civil action or, even if the evidence is relevant, its probative value is substantially outweighed by its prejudicial impact and the confusion that it would cause to the jurors.  *See* Fed. R. Evid. 402, 403, and 407.

---

[8] *See* Fed. R. Civ. Evid. 103(c), 401, 402, 403, and 407.
[9] *See* Fed. R. Civ. Evid. 103(c), 401, 402, and 403.
[10] *See* Fed. R Civ. Evid. 103(c), 401, 402, and 403, 407; *Graham v. Connor.*

[11] *See*. Evid. 402, 403, and 407.

Respectfully submitted,
**McKAMIE KRUEGER, LLP**

*s/ William W. Krueger, III*
**WILLIAM W. KRUEGER, III**
State Bar No. 11740530
*Attorney-in-Charge*
**CASEY S. ERICK**
State Bar No. 24028564
2007 N. Collins Blvd., Suite #501
Richardson, Texas 75080
214-253-2600
214-253-2626 – Facsimile
**ATTORNEYS FOR DEFENDANT
OFFICER KEVIN TYSON**

## CERTIFICATE OF SERVICE

I certify that on the 10th day of September, 2010, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Michael J. Whitten
The Whitten Law Firm
218 North Elm
Denton, Texas 76201
Michael@whittenlawfirm.com

Rocky Haire
Justin J. Steinbock
Haire Law Firm, P.C.
1120 North Locust Street
Denton, Texas 76201

*/s/ William W. Krueger, III*
**WILLIAM W. KRUEGER, III
CASEY S. ERICK**

## CERTIFICATE OF CONFERENCE

    I certify that on the 7th day of September, 2010, a conference was held with Plaintiff's counsel and that counsel has complied with the meet and confer requirement in Local Rule CV-7(h). During said conference, Plaintiff's counsel indicated he is unopposed to Defendant's Motion in Limine.

                                                               */s/ William W. Krueger, III*  
                                                                **WILLIAM W. KRUEGER, III**