**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **DEANNA DWYER, INDIVIDUALLY** | § | |
| **AND AS NEXT FRIEND FOR BLAKE** | § | |
| **DWYER, A MINOR** | § | |
| | § | |
| **v.** | § | **CASE NO. 4:09-CV-00198-MHS-ALM** |
| | § | |
| **CITY OF CORINTH, TEXAS, A** | § | |
| **TEXAS HOME RULE CITY, DEBRA** | § | |
| **BRADLEY, CHIEF OF POLICE OF** | § | |
| **THE CITY OF CORINTH, KEVIN** | § | |
| **TYSON, A POLICE OFFICER FOR** | § | |
| **THE CITY OF CORINTH, CRAIG** | § | |
| **HUBBARD, A POLICE OFFICER FOR** | § | |
| **THE CITY OF CORINTH, CARSON** | § | |
| **CROWE, A POLICE OFFICER FOR** | § | |
| **THE CITY OF CORINTH, AND TASER** | § | |
| **INTERNATIONAL, INC.** | § | |

### DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PRETRIAL MATERIAL

TO THE HONORABLE JUDGE SCHNEIDER:

COMES NOW, Sergeant Kevin Tyson, ("Tyson" or "Defendant") in the above styled and numbered cause, and files his Objections to Plaintiff's proposed Pre-Trial material, and respectfully moves the Court as follows:

### I. Objections to Plaintiff's Proposed Witness List

1. Defendant objects to Plaintiff's designation of five of six witnesses listed as

Scott MacKenzie, Director
Human Resources
WAUKESHA-PEARCE INDUSTRIES, INC.
P.O. Box 35068
12320 South Main Street
Houston, TX 77235-5068

ROBERT CLINTON DWYER
(940) 300-8006

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED WITNESS LIST AND
EXHIBIT LIST – PAGE 1

2.      Defendant objects that Plaintiff did not disclose any of these persons in discovery. Plaintiff did not disclose these persons in his Initial or Supplemental Disclosures, if any. Any testimony in this case by these witnesses will be prejudicial to Defendant in that Plaintiff did not disclose these persons until his witness list. Accordingly, Defendant requests the Court sustain its objections and disallow any testimony by these six witnesses.

### Geoffrey Alpert Cannot Testify on Expert Issues.

3.      Defendant objects to Plaintiff's designation of Geoffrey Alpert for the proposed subjects of testimony. Plaintiff did not produce an expert report of Geoffrey Alpert as required by the Court's Scheduling Order and in violation of Rule 26a(2)(B).

4.      The Court entered a scheduling order on July 28, 2009 requiring Plaintiff to designate all experts on or before December 11, 2009. [Doc. # 43]. Plaintiff sought and obtained an extension on December 14, 2009 to file his expert report by December 21, 2009. [Doc. # 64]. On December 31, 2009, Plaintiff filed his designation of expert witnesses. [Doc. #65]. Plaintiff affirmatively states that an expert report was not included with the designation of Geoffrey Alpert. Because Plaintiff did not produce, and has never produced, an expert report, Geoffrey Alpert must be struck as a witness and Defendant's objection sustained in this regard.

5.      Rule 26(a)(2)(B) requires that when a party plans to rely upon expert testimony or an expert report, she must disclose not only the identity of the expert, but also include a written report prepared and signed by the witness. FED.R.CIV.P. 26(a)(2)(B). "The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years . . ." *Id.* The purpose of this

requirement is to avoid disclosure of "sketchy and vague" information. *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996). A district court's decision to "exclude evidence as a means of enforcing a pretrial order 'must not be disturbed' absent a clear abuse of discretion." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (citation omitted). In determining whether the district court abused its discretion, the Fifth Circuit will consider four factors: "(1) the explanation for the failure to [comply with the scheduling order]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id.* at 791. Failure to provide an expert report because of needed deposition testimony has been held insufficient when the expert did not show that his opinions relied upon the alleged deposition testimony. *O'Neal v. Cazes*, 257 Fed. Appx. 710, 716 (5th Cir. 2007). Here, there has never been a showing by Plaintiff's expert that he could not provide a report because of the lack of any specific testimony.

6. Accordingly, Plaintiff should not be allowed to offer any evidence requiring expert testimony on the issues of this case. Because Plaintiff did not produce the required report, Defendant has not been afforded the proper opportunity to discovery on any such expert issues. This testimony must be stricken in its entirety.

## II.  Objections to Plaintiff's Proposed Exhibits

7. Defendant objects to the following exhibits.

| | | |
|---|---|---|
| **D-001** | Deposition excerpts of DEANNA DWYER | Deanna Dwyer |
| **D-002** | Deposition excerpts of BLAKE DWYER | Blake Dwyer |
| **D-003** | Deposition excerpts of TRAVIS BAKER | Travis Baker |
| **D-004** | Deposition excerpts of ALEXANDRA PEARL "ALLIE" GIDEO | Allie Gideo |
| **D-005** | Deposition excerpts of MICHAEL ADAM KOPILAK, JR. | Michael Kopilak, Jr. |

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED WITNESS LIST AND EXHIBIT LIST – PAGE 3

| | | |
|---|---|---|
| **D-006** | Deposition excerpts of CHRISTIAN LEE WEEKS | Christian Lee Weeks |
| **D-007** | Deposition excerpts of DEPUTY CHIEF CHAD THIESSEN | Deputy Chief Chad Thiessen |
| **D-008** | Deposition excerpts of BRANDON SHEPARD, EMT | Brandon Shepard, EMT |
| **D-009** | Deposition excerpts of WESLEY OLDHAM, EMT | Wesley Oldham, EMT |
| **D-010** | Deposition excerpts of STEPHEN ERIC HIX, EMT | Stephen Eric Hix, EMT |
| **D-011** | Deposition excerpts of ROBERT LAMBERT, EMT | Robert Lambert, EMT |
| **D-012** | Deposition excerpts of WILLIAM T. MORRIS-EMT | William T. Morris-EMT |
| **D-013** | Deposition excerpts of OFFICER STEPHEN RYAN BROCK | Officer Stephen Ryan Brock |
| **D-014** | Deposition excerpts of OFFICER CARSON CROW | Officer Carson Crow |
| **D-015** | Deposition excerpts of SARGEANT KEVIN SCOTT TYSON | Sergeant Kevin Scott Tyson |
| **D-016** | Deposition excerpts of MICHAEL ALLEN BRAVE, ESQUIRE, General Counsel of TASER INTERNATIONAL, INC. | Michael Allen Brave, Esq. |

8. Defendant objects to Plaintiff's proposed Exhibit Nos. 1 through 16 on the grounds that Plaintiff did not file his deposition designations in accordance with this Court's pre-trial scheduling order. Accordingly, Defendant had no opportunity to respond and file any responsive deposition designations. Therefore, Defendant objects to the admissibility of Plaintiff's proposed Exhibits 1 through 16 and asks that the Court sustain Defendant's objections, precluding these documents from being admitted or referred to.

9. Defendant objects to the following exhibits:

| | |
|---|---|
| **D-019** | Excerpts of COOK'S CHILDREN'S MEDICAL CENTER medical records |
| **D-020** | Excerpts of DENTON REGIONAL MEDICAL CENTER'S medical |

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED WITNESS LIST AND EXHIBIT LIST – PAGE 4

**D-024**          records
                   Excerpts from Valery
                   Lipenko, M.D.'s
                   medical records

      10.    Defendant objects on the grounds they contain hearsay within hearsay. Despite a proper business records affidavit, these records necessarily contain medical opinions which cannot be offered absent a qualified expert witness. Defendant would object to Plaintiff's referencing said records as the only evidence of any medical diagnosis, opinion or prognosis. Defendant objects and moves to strike said exhibits for these reasons. Defendant specifically objects to the medical records of Valery Lipenko as they have not been produced by Plaintiff and therefore are improperly included here. Defendant objects that the records would unfairly prejudice Defendant to admit them without Plaintiff's prior disclosure. Defendant objects and moves to strike these medical records.

      11.    Defendant objects to the following exhibits:

**D-025**          Dr. Geoffrey Alpert's
                   *Curriculum Vitae*

**D-026**          Dr. Geoffrey Alpert's
                   Preliminary Expert Report

      12.    As stated above, Plaintiff has not produced an expert report to Defendant and to include it now is to circumvent this Court's order and the Federal Rules of Civil Procedure. For the above reasons ¶¶ 3-6, Defendant objects and moves to strike this exhibit in violation of this Court's order and Rule 26(a)(2)(B). Defendant objects to the *Curriculum Vitae* of Geoffrey Alpet as it is wholly irrelevant to this matter and includes irrelevant bibliographical information that has no bearing on the issues of this case. Defendant objects and moves to strike them in their entirety.

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED WITNESS LIST AND EXHIBIT LIST – PAGE 5

13. Defendant objects to the following exhibit:

**D-028**   Timeline

14. Defendant objects on the grounds that this document was not produced prior to its designation and it is unknown what the contents of this exhibit will be. It is anticipated it will be a chronology of a portion of the events giving rise to this lawsuit. Based on that assumption, Defendant objects on the grounds that it is hearsay, contains hearsay within hearsay, is conclusory, contains improper opinions and conclusions. Said exhibit, if allowed, would be demonstrative only so long as each entry on the timeline is supported by the evidence admitted at trial. Defendant objects and moves to strike said exhibit.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court sustain the foregoing objections in their entirety; that Plaintiff not be allowed to offer evidence relating to the issues, witnesses and documents objected to, and that the Court grant such other and further relief to which Defendant may show himself justly entitled.

Respectfully submitted,

**MCKAMIE KRUEGER, LLP**

*s/ William W. Krueger, III*
**WILLIAM W. KRUEGER, III**
State Bar No. 11740530
*Attorney-in-Charge*
**CASEY S. ERICK**
State Bar No. 24028564
2007 N. Collins Blvd., Suite 501
Richardson, Texas 75080
(214) 253-2600
(214) 253-2626 (Facsimile)
**ATTORNEYS FOR DEFENDANT**
**OFFICER KEVIN TYSON**

**CERTIFICATE OF SERVICE**

   I certify that on the 30th day of September, 2010, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Michael J. Whitten
The Whitten Law Firm
218 North Elm
Denton, Texas 76201
Michael@whittenlawfirm.com

Rocky Haire
Justin J. Steinbock
Haire Law Firm, P.C.
1120 North Locust Street
Denton, Texas 76201

             *s/ William W. Krueger, III*
             **WILLIAM W. KRUEGER, III**
             **CASEY S. ERICK**